

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 Fifth Street NW, Room 4210*
*Washington, DC 20001*

February 28, 2016

**By ECF and Federal Express**

The Honorable William H. Pauley III
U.S. Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

        Re:    *In re: Clobetasol Antitrust Litig.*, No. 1:16-mc-7229
                *In re: Desonide Antitrust Litig.*, No. 1:16-mc-7987
                *In re: Fluocinonide Antitrust Litig.*, No. 1:16-mc-8911

Dear Judge Pauley:

      Intervenor United States of America (the "United States") submits this letter in support of the anticipated request of Defendants in the above-captioned matters for stays of discovery pending adjudication of their motions to dismiss the complaints.

      In their February 10, 2017 letter, Defendants argued for a stay because they believe that they should not have to incur the expense of discovery before the Court determines whether the allegations in Plaintiffs' complaints suffice to state valid antitrust claims. (*See* ECF No. 33 in *In re Clobetasol Antitrust Litig.*, No. 1:16-mc-7229.) The United States takes no position on the sufficiency of Plaintiffs' allegations nor on any of the other arguments in Defendants' letter.

      Instead, the United States writes separately to inform the Court of an additional factor weighing in favor of the stay sought by Defendants: the Antitrust Division of the Department of Justice is currently investigating potential violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the generic pharmaceutical industry. There are significant overlaps between the companies and drugs that are being investigated criminally and the Defendants and drugs identified in Plaintiffs' amended complaints in these civil actions. In light of these overlaps, civil discovery could reveal details of the ongoing criminal investigation and delay, or even frustrate, its progress.

      Courts have stayed civil discovery to prevent interference with ongoing criminal investigations in other cases, even when the sufficiency of a plaintiff's allegations are not at issue. *See, e.g.*, *SEC v. Downe*, No. 92-cv-4092, 1993 WL 22126 (S.D.N.Y. Jan. 26,

1993) (Leisure, J.).  Accordingly, the ongoing criminal investigation here provides further support for granting Defendants' request for stays of discovery pending adjudication of their motions to dismiss.[1]

                                Respectfully submitted,

                                  */s/ Andrew J. Ewalt*

                                Andrew J. Ewalt
                                Department of Justice, Antitrust Division
                                450 Fifth Street NW, Room 4120
                                Washington, DC 20001
                                Tel.:  (202) 532-4181
                                Fax:  (202) 514-7308
                                andrew.ewalt@usdoj.gov

cc      All counsel of record (via ECF only)

---

[1] If the Court denies Defendants' request to stay all discovery until their motions to dismiss are decided, the United States may seek leave to request a limited stay of certain discovery.